UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DENISE ROSE BOMFORD,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | 5:25-CV-05037-MWH<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). Dkt. 1. The parties have consented to the undersigned Magistrate Judge conducting all proceedings in this matter pursuant to 28 U.S.C. § 636(c). Dkt. 8.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in considering certain medical opinion evidence and formulating Plaintiff's residual functional capacity ("RFC"). Had the ALJ properly considered this evidence, the RFC may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security for further proceedings consistent with this order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff previously applied for DIB and SSI in 2011, and an ALJ issued an unfavorable decision denying benefits on July 10, 2013. Dkt. 9, Administrative Record ("AR") 205–29. The Appeals Council denied her request for review. AR 230–35.

Plaintiff filed new claims for DIB and SSI on January 14, 2022, alleging disability as of December 15, 2021, due to hearing loss, common variable immunodeficiency ("CVID"), gastroparesis, esophageal varices, and superior vena cava syndrome. AR 337–57. Plaintiff's claims were denied at the initial and reconsideration levels, and she requested an administrative hearing before an ALJ. AR 236–302. The hearing took place on November 16, 2023, and Plaintiff appeared without counsel. AR 170–204. On January 17, 2024, the ALJ issued an unfavorable decision denying benefits. AR 8–26. Plaintiff requested review by the Appeals Council and submitted additional evidence. AR 38–169, 334–36. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. AR 1–7; see Schmitt v. Kijakazi, 27 F.4th 1353, 1358 (8th Cir. 2022). Plaintiff appealed to this Court. See Dkt. 1.

## STANDARD OF REVIEW

When reviewing a denial of benefits, the Court must determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." Chismarich v. Berryhill, 888 F.3d 978, 979 (8th Cir. 2018) (quoting Igo v. Colvin, 839 F.3d 724, 728

(8th Cir. 2016)). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). The Commissioner's decision may not be reversed "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993) (quoting Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992)). "[I]f it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the Court] must affirm the decision." Robinson, 956 F.2d at 838.

## DISABILITY DETERMINATION

Social Security law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1] The impairment must be severe, making the claimant unable to do her previous

[1] SSI benefits are provided under Title XVI of the Social Security Act, while DIB, sometimes called Social Security Disability benefits, are provided under Title II of the Social Security Act. Entitlement to either form of benefits depends upon whether the claimant is disabled within the meaning of the Social Security Act. The definition of disability is the same under both Titles. There are corresponding and largely identical regulations governing disability determinations under each Title. See, e.g., 20 C.F.R. §§ 404.1520 and 416.920 (setting forth the five-step sequential evaluation process for Title II and Title XVI claims). Although Plaintiff applied for both Title II and Title XVI benefits, the Court cites only the regulations applicable to Title II where the corresponding Title XVI regulation is identical. It is understood that both Titles apply to Plaintiff's claims. Any material distinction between the regulations governing Title II and Title XVI will be noted.

work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505.

The ALJ follows a five-step process to decide whether a claimant is disabled, "considering whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment;[2] (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work." Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010) (citing Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2007)); see also 20 C.F.R. § 404.1520.

The claimant bears the burden of proof at steps one through four of the five-step inquiry to establish her RFC and prove she cannot perform any past relevant work. See 20 C.F.R. § 404.1512(a); Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994). If she proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). But "[t]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004).

**ALJ DECISION**

At Step One of the evaluation, the ALJ determined that Plaintiff was insured for benefits through June 30, 2027, and that she had not engaged in

[2] See 20 C.F.R. Pt. 404, Subpt. P, App. 1.

substantial gainful activity since December 15, 2021, the alleged disability onset date. AR 14. At Step Two, the ALJ determined that Plaintiff had the severe impairments of mixed conductive and sensorial hearing loss, CVID, and gastroparesis. Id. At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. AR 15. The ALJ determined that Plaintiff had the RFC to perform:

> light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs. She can frequently stoop and crawl. She can tolerate no more than moderate noise. Communication is best performed in writing or in-person with direct line of vision with the party they are communicating with. She should avoid communication via telephone. She can tolerate no exposure to hazards, such as unprotected heights and moving mechanical parts.

AR 16. At Step Four, the ALJ found that Plaintiff could perform her past relevant work as a home health aide and electronics assembler. AR 19. In the alternative, the ALJ proceeded to Step Five and found Plaintiff could make a successful adjustment to other work existing in significant numbers in the national economy. AR 19–20. Accordingly, the ALJ concluded Plaintiff was not disabled from December 15, 2021, through the date of the decision, January 17, 2024. AR 20.

## DISCUSSION

Plaintiff argues the ALJ erred in: (1) evaluating the severity of certain impairments at Step Two of the sequential evaluation, (2) evaluating certain medical opinion evidence and formulating the RFC, (3) failing to fully develop the record, and (4) finding Plaintiff could perform her past relevant work. Dkt.

16 at 2. She contends the proper remedy for these errors is remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Id. at 26. In the alternative, she requests remand under sentence six of 42 U.S.C. § 405(g) for consideration of new and additional evidence. Dkts. 14, 15.

## I. Medical Opinion Evidence

Plaintiff contends that the ALJ failed to properly evaluate the medical opinions of the State agency medical consultants and treating physician Dr. Mark Bubak, and that the ALJ failed to incorporate persuasive limitations into the RFC. Dkt. 16 at 14.

### A. Legal Standard

For cases filed after March 27, 2017,[3] like this one, "ALJs evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." Bowers v. Kijakazi, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. 20 C.F.R. § 404.1520c(a). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. Id. §

[3] See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017).

404.1520c(c)(1). Similarly, "[t]he more consistent a medical opinion is with evidence from other sources, the more persuasive it will be." Bentley v. Kijakazi, No. 22-2883, 2023 WL 3862562, at *2 (8th Cir. June 7, 2023) (per curiam) (citing 20 C.F.R. § 404.1520c(c)(2)). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. § 404.1520c(b)(2).

**B. State Agency Medical Consultants**

Plaintiff argues the ALJ erred by omitting some of the State agency medical consultants' opined limitations from the RFC despite finding the opinions persuasive. Dkt. 16 at 15.

At the initial level of review of Plaintiff's disability claims, State agency medical consultant Dr. Judy Heller concluded that Plaintiff was "not precluded from all work" but opined that she had certain communicative and environmental limitations. AR 240, 251. She found Plaintiff's hearing limited in both ears and opined that Plaintiff should "avoid even moderate exposure" to noise and "avoid concentrated exposure" to vibrations. AR 240–41, 251–52. Dr. Heller wrote that Plaintiff "should work in a quiet environment and receive instructions by writing." AR 242, 253.

At the reconsideration level, State agency medical consultant Dr. Kevin D. Whittle also opined that Plaintiff had communicative and environmental limitations, specifying that her hearing was limited bilaterally and she should "avoid even moderate exposure" to noise. AR 263, 273–74. He reiterated Dr.

Heller's opinion that Plaintiff "should work in a quiet environment and receive instructions by writing." AR 264, 275.

The ALJ found the State agency medical consultants' opinions persuasive, writing that "they are supported by and consistent with the generally conservative treatment received showing claimant's primary symptoms of hearing loss are accommodated by the limitations defined in the established residual functional capacity." AR 18. Despite finding these opinions persuasive, the ALJ noted a number of distinctions between the opinions and his decision, including that his decision incorporated "additional environmental and communication limitations to address hearing loss." AR 18. In the RFC, the ALJ wrote that Plaintiff "can tolerate no more than moderate noise." AR 16. He also specified that "[s]he should avoid communication via telephone" and that "[c]ommunication is best performed in writing or in-person with direct line of vision with the party they are communicating with." Id.

Plaintiff argues the ALJ erred in failing to incorporate into the RFC the specific limitations opined by Dr. Heller and Dr. Whittle that Plaintiff should work in a quiet environment and receive instructions in writing. Dkt. 16 at 15. Defendant responds the limitations included in the RFC "sufficiently accommodated Plaintiff's supported communication limitations related to hearing loss." Dkt. 22 at 13.

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite her limitations." Schmitt, 27 F.4th at 1360 (quoting 20 C.F.R. § 404.1545(a)(1)). Even when an ALJ finds an opinion persuasive, he is not

required to incorporate the opined limitations verbatim provided substantial evidence supports the findings in the RFC. Wyatt v. Kijakazi, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam) (citing Webster v. Kijakazi, 19 F.4th 715, 719 (5th Cir. 2021); Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002)). But "[t]he path of the [ALJ's] reasoning" must be "clear enough to allow for appropriate judicial review." Sloan v. Saul, 933 F.3d 946, 951 (8th Cir. 2019); see also Blakes ex rel. Wolfe v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Here, the RFC states that Plaintiff "can tolerate *no more than moderate* noise," while the State agency consultants opined that Plaintiff "should work in a quiet environment" and "avoid *even moderate* exposure" to noise. Compare AR 16 with AR 241–42, 252–53, 263–64, 274–75 (emphases added). These statements are not equivalent—the RFC states Plaintiff can tolerate moderate noise and the consultants' opinions state she cannot. The ALJ did not explain why he chose to discount this portion of the persuasive opinions. Indeed, the ALJ wrote that the RFC incorporated "*additional* environmental and communication limitations to address hearing loss" to those opined by the State agency consultants. AR 18 (emphasis added). The Court cannot discern a clear path of the ALJ's reasoning from imposing additional limitations regarding Plaintiff's hearing loss to finding she could tolerate a higher level of noise than the State agency consultants recommended.

Generally, "an ALJ's failure to adequately explain his factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination." Scott ex rel. Scott v. Astrue, 529 F.3d 818, 822 (8th Cir. 2008) (quoting Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999)). However, remand is warranted "where the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit this Court to conclude that substantial evidence supports the Commissioner's decision." Id. Further, an error is not harmless when the Court "cannot determine whether the ALJ would have reached the same decision denying benefits, even if he had followed the proper procedure[.]" Brueggemann v. Barnhart, 348 F.3d 689, 695 (8th Cir. 2003).

The RFC as written is not supported by substantial evidence in the record. Defendant contends the ALJ simply "phrased the limitations to better address the communication limitations from Plaintiff's hearing loss," citing to Plaintiff's reports of difficulty hearing people behind her or to her left (AR 403), communicating best when a person is right in front of her (AR 193), trouble following spoken but not written instructions (AR 408), turning the television volume all the way up (AR 192), and using an app connected to her hearing aids to hear on the telephone (AR 194). Dkt. 22 at 12–13. While these citations may be relevant to the other communication limitations in the RFC, they do not support the ALJ's finding that Plaintiff would be able to tolerate a moderate level of noise in the workplace.

This error was not harmless. The ALJ's conclusions that Plaintiff could perform her past relevant work or, alternatively, other work existing in significant numbers in the national economy, were based on the hearing testimony of a vocational expert ("VE"). AR 19–20. At the hearing, the ALJ asked the VE whether a person of Plaintiff's age, education, and work experience with the same RFC as specified in the ultimate decision—including the restriction that the individual could "tolerate no more than moderate noise"—could perform Plaintiff's past relevant work. AR 199–200. The VE testified that the hypothetical individual would be able to perform Plaintiff's past relevant work as a home health aide and an electronics assembler, as well as other jobs in the national economy. Id. The VE provided no testimony regarding whether a person who could tolerate less than moderate noise could perform either Plaintiff's past relevant work or other jobs in the national economy. "'Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question.' If 'a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence.'" Swedberg v. Saul, 991 F.3d 902, 906 (8th Cir. 2021) (quoting Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)).

Here, the ALJ failed to explain why he chose to reject a limitation from medical opinion evidence he found persuasive, and the path of the ALJ's reasoning is not clear from the decision. Substantial evidence in the record as a whole does not support the RFC as written. Further, it is not clear that the

ALJ would have reached the same decision had he adopted the State agency consultants' opined noise level limitation. Accordingly, remand is warranted.[4]

**II. Remaining Issues**

Plaintiff further contends the ALJ erred in finding certain impairments not severe at Step Two, failing to develop the record, and finding Plaintiff could perform her past relevant work. Dkt. 16 at 2. As noted above, the Court concludes the ALJ committed harmful error in evaluating certain medical opinion evidence and formulating the RFC, and remand for further proceedings is appropriate. Because Plaintiff may be able to present new evidence and new testimony on remand, the ALJ must reconsider all the medical evidence in the record. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process.

**CONCLUSION**

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled beginning December 15, 2021. Accordingly, it is hereby ORDERED:

1. Plaintiff's Motion for Order Reversing Decision of Commissioner (Dkt. 16) is GRANTED. Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

[4] Plaintiff also argues the ALJ erred in evaluating medical opinion evidence from Dr. Mark Bubak. Dkt. 16 at 16. Having found reversible error in the ALJ's consideration of other medical opinion evidence in the record, the Court declines to consider this issue.

2. Plaintiff's Motion to Remand for New and Material Additional Evidence Sentence 6 Remand (Dkt. 14) is DENIED AS MOOT.

DATED this 15th day of September, 2026.

BY THE COURT:

MARK W. HAIGH
United States Magistrate Judge